# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

NOTTING HILL, LLC,                           Case No. 1:17-cv-16

        Plaintiff,                      Black, J.
v.                                           Bowman, M.J.

SAMUEL KORNHAUSER,

        Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Notting Hill, LLC ("Notting Hill") filed a complaint for breach of contract in the Hamilton County Court of Common Pleas on December 9, 2016, seeking return of $25,000.00 in earnest money under a real estate contract. Defendant Samuel Kornhauser ("Kornhauser"), proceeding *pro se*, removed the action to this Court, and thereafter filed an Answer and Counterclaim against Notting Hill, as well as its members, William Skillman, III ("Skillman") and other unidentified members in their individual capacities.[1] The case has been referred to the undersigned magistrate judge for initial consideration.

Currently pending is Notting Hill's motion to dismiss three of the seven Counterclaims, for failure to state a claim upon which relief can be granted, as well as a motion to dismiss the members of Notting Hill who have been named by Kornhauser in their individual capacities. Although Kornhauser has explicitly requested oral argument, the undersigned declines that request as unnecessary. See *Whitescarver v. Sabin*

---

[1]Although Kornhauser identifies the Defendants as including "William Skillman III" and other unspecified individual "members of Notting Hill" as additional Defendants to his Counterclaims within the body of his Answer and Counterclaim, they are not included in the caption of that pleading and have not yet been added to the docket sheet in this Court.

*Robbins Paper Co.*, Case No. C–1–03–911, 2006 WL 2128929, at *3, 2006 U.S. Dist. LEXIS 51524, at *7 (S.D.Ohio July 27, 2006) (exercising discretion under Local Rule 7.1(b)(2) to deny request for oral argument).

For the reasons that follow, the undersigned recommends that this case be REMANDED to state court for lack of federal jurisdiction, without consideration of the merits of the pending motion to dismiss.

**I. Background**

This case involves a real estate contract ("Contract") for a six-story building located at 607 Main Street in Cincinnati, Ohio ("the Property"). Notting Hill is a limited liability company located in Warren County, Ohio[2] and Kornhauser is an individual domiciled in California.

Kornhauser owns the Property. On or about October 6, 2016, Notting Hill entered into a contract to purchase the Property for $900,000.00. Notting Hill placed $25,000.00 in earnest money into a trust account pending closing. Notting Hill alleges that, on November 5, 2016, after due diligence revealed that the Property was not satisfactory for its intended use by Notting Hill, it timely provided Notice of Termination of the Contract to Purchase. However, Kornhauser refused to refund its earnest money.

Notting Hill responded by filing suit in the Hamilton County Court of Common Pleas for breach of contract, seeking a return of its $25,000.00, pre- and post-judgment interest, attorney's fees and costs, and a declaratory judgment under Ohio law interpreting the Contract in Notting Hill's favor. (Doc. 2, Complaint).

On January 9, 2017. Kornhauser removed to this Court on the basis of diversity

---

[2]Kornhauser's Answer denies that Notting Hill is a duly organized limited liability company, asserting instead that it "is or may be the alter ego for its members." However, since Kornhauser also asserts that all members are Ohio residents, the factual dispute is irrelevant to determine diversity jurisdiction.

2

jurisdiction, simultaneously filing an Answer and Counterclaim that sought over $75,000 in damages. In lieu of filing an Answer, Notting Hill has filed a motion to partially dismiss some of Kornhauser's counterclaims.

## II. Threshold Jurisdictional Issue Precludes Further Review

Prior to turning to the merits of Notting Hill's motion, this Court is confronted by the question of whether it has subject matter jurisdiction over this case, considering that Plaintiff's underlying complaint sought damages in the amount of $25,000,00 – an amount well below the $75,000.00 threshold required for federal diversity jurisdiction. *See* 28 U.S.C. § 1332.

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a case to this Court only if the federal court would have had diversity jurisdiction at the time of removal. Even though Notting Hill has not moved to remand, this Court has an obligation to review its jurisdiction *sua sponte. See Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir.1995) ("We hold, therefore, that there is a distinction in the statute [28 U.S.C. § 1447(c) ] between defects in removal procedure, which are waived unless raised in a plaintiff's motion within thirty days after removal, and lack of subject matter jurisdiction, which requires the court to remand at any time prior to final judgment."); *see also* generally *Travelers Indem. Co. v. Bowling Green Prof. Assocs.*, 495 F.3d 266, 271 (6th Cir.2007) ("Neither party raised jurisdictional issues in their appellate briefs. Nevertheless, we appropriately raised subject-matter jurisdictional issues at oral argument ....") (citing *Ohio v. Doe*, 433 F.3d 502, 506 (6th Cir.2006)).

As the party removing this action, Kornhauser has the burden of showing by a preponderance of the evidence that the amount in controversy requirement has been

met. *See Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001). "Significantly, 'all doubts should be resolved against removal.'" *CMS North America, Inc. v. De Lorenzo Marble & Tile, Inc.*, 521 F.Supp.2d 619, 621 (W.D. Mich. 2007)(internal citations omitted); *Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 339 (6th Cir. 1989) ("The removal petition is to be strictly construed, with all doubts resolved against removal.")

Kornhauser asserts that federal jurisdiction is created by his counterclaims, which seek damages well in excess of $75,000.00 insofar as he seeks specific performance of a $900,000.00 real estate contract. However, the undersigned finds persuasive the view of a majority of courts in the Sixth Circuit that counterclaims should not be considered in determining removal jurisdiction. *See, e.g., CMS North America, Inc.*, 521 F. Supp.2d at 627-630 (extensive analysis of issue, collecting cases from district courts within Sixth Circuit); *McMahon v. Alternative Claims Service, Inc.*, 521 F. Supp.2d 656, 658 (N.D. Ohio 2007)(same, citing "majority view"); *Firestone Financial Corp. v. Sya*l, 327 F.Supp.2d 809, 810 (N.D. Ohio 2004). Accordingly, subject matter jurisdiction is lacking over this case.

**II. Conclusion and Recommendation**

Because this Court lacks subject matter jurisdiction, **IT IS RECOMMENDED** that this case be remanded to state court, pursuant to 28 U.S.C. § 1447(c), without further consideration of the pending motion to dismiss certain counterclaims.

   *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

4

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

NOTTING HILL, LLC,                               Case No. 1:17-cv-16

        Plaintiff,                            Black, J.
v.                                               Bowman, M.J.

SAMUEL KORNHAUSER,

        Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).