UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NOTTING HILL, LLC, | : | Case No. 1:17-cv-16 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| SAMUEL KORNHAUSER, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY:
(1) ADOPTING THE REPORT AND RECOMMENDATIONS OF
THE UNITED STATES MAGISTRATE JUDGE (Doc. 17);
(2) OVERRULING DEFENDANT'S OBJECTIONS (Doc. 19);
(3) REMANDING THIS CASE TO STATE COURT; and
(4) TERMINATING THIS CASE FROM THE DOCKET**

## I. INTRODUCTION

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court, and on May 2, 2017, submitted a Report and Recommendations. (Doc. 17). On May 17, 2017, Defendant filed Objections to the Report and Recommendations ("Objections"). (Doc. 19). Defendant filed a Response to the Objections. (Doc. 20).

## II. ANALYSIS

As required by 29 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does

determine that the Report and Recommendations should be and is hereby adopted in its entirety and the Objections should be and are overruled.

Defendant's Objections are not well-taken. First, Defendant argues the amount in controversy exceeds $75,000 because Plaintiff seeks to "rescind" a $900,000 purchase contract. (Objections at 8-13). That argument fails. Plaintiff's complaint does not ask the Court to rescind any contract, it merely seeks a declaration that Plaintiff properly terminated the purchase contract and is entitled to recoup its $25,000 in earnest money. *See Gibson v. H.M.H. of Salina, LLC*, No. 99-1492-JTM, 2000 U.S. Dist. LEXIS 6520, at \*\* 5-8 (D. Kan. Apr. 6, 2000) (holding a complaint seeking a declaration that plaintiff properly terminated a $290,000 purchase contract and was entitled to recover $3,000 in earnest money did not meet the jurisdictional threshold of 28 U.S.C. § 1332(a)(1) because "the only claim in this action is the return of the $3,000").

Second, Defendant argues that the value of its counterclaim should be considered in the jurisdictional threshold analysis (Objections at 13-15), but the Magistrate Judge correctly explained that the majority of courts within the Sixth Circuit has held otherwise. (R&R at 4); *see also Firestone Fin. Corp. v. Syal*, 327 F. Supp. 2d 809, 810-11 (N.D. Ohio 2004) ("the majority of courts have held that a federal court should not consider the value of a defendant's compulsory counterclaim in determining the amount in controversy for removal jurisdiction.").

### III. CONCLUSION

For the foregoing reasons:

1. The Report and Recommendations (Doc. 17) is **ADOPTED** in its entirety;

2. Defendant's Objections (Doc. 19) are **OVERRULED**;

3. **This case is remanded to the state court** from which it was removed due to lack of subject matter jurisdiction, without further consideration of Plaintiff's motion to dismiss certain counterclaims; and

4. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date: 9/22/17

*Timothy S. Black*
Timothy S. Black
United States District Judge